UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL SHANE FREEMAN,

    Plaintiff,

v.                                                         Case No: 6:14-cv-1275-Orl-22JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Unopposed Petition for Attorney's Fees ("Petition"). (Dkt. 24.) Plaintiff moves the Court to award him attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons stated below, the Court recommends that Plaintiff's Petition be granted.

### BACKGROUND

On August 6, 2014, Plaintiff filed a Complaint seeking review of the denial of his claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) The Court entered a Report and Recommendation on Plaintiff's Complaint, finding that the Commissioner's decision was not supported by substantial evidence and did not employ proper legal standards. (Dkt. 21.) On October 22, 2015, the Court adopted and confirmed the Report and Recommendation and entered an Order remanding this case to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (Dkt. 22.) Judgment was entered on October 23, 2015. (Dkt. 23.) Consequently, Plaintiff filed his Petition for Attorney's Fees on November 10, 2015, as the prevailing party in this action. In his Petition, Plaintiff seeks attorney's fees for 22.8 hours of work in 2014 and 2015 at an hourly rate of $190.06 for attorney Richard A. Culbertson and

$189.67 for attorney Sarah Fay. The fees total $4,325.32. The Commissioner does not oppose the relief requested. (Dkt. 24.)

**APPLICABLE STANDARDS**

Following entry of a favorable judgment in a Social Security case, a prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a fourth sentence remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of Plaintiff's Petition and the applicable law, the Court finds that Plaintiff is entitled to an award of attorney's fees in this case. First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 302. Second, Plaintiff's Petition, which was filed on November 10, 2015, was timely filed within thirty days of the final judgment in this action entered on October 23, 2015. Third, Plaintiff's Petition asserts that Plaintiff's net worth at the time this proceeding was filed was less than two million dollars. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the Court does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

In his Petition, Plaintiff requests that the hourly rate of the fees awarded be increased to reflect the increase in the cost of living. Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff proposes an hourly rate of $190.06 for attorney Richard A. Culbertson and $189.67 for attorney Sarah Fay. The Court finds that Plaintiff is entitled to an increase in the fees awarded, and the Commissioner does not oppose Plaintiff's request. In total, Plaintiff seeks $4,325.32 in attorney's fees for 22.8 hours of attorney time expended in litigating this case, which is represented in Plaintiff's itemization of the hours expended and the activities performed. (Dkt. 24.) The Commissioner does not oppose the fees requested. As such, the Court finds that 22.8 hours is reasonable and that $4,325.32 is a reasonable fee in this case.

Finally, Plaintiff requests that the fee award be paid directly to Plaintiff's attorney. Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case, Plaintiff has assigned the EAJA award to his attorney. (Dkt. 24, App. 1.) Plaintiff indicates that Defendant does not oppose the payment of fees directly to Plaintiff's attorney, provided that Plaintiff does not owe a debt to the federal government. Therefore, the award is payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff. Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Unopposed Petition for Attorney's Fees (Dkt. 24) be **GRANTED**.

2. Plaintiff be awarded $4,325.32 in attorney's fees, payable directly to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government.

**IT IS SO REPORTED** in Tampa, Florida on November 17, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.


Copies furnished to:
The Honorable Anne C. Conway
Counsel of Record